ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER CONCERNING AN EXECUTIVE SESSION OF THE BROKEN ARROW CITY COUNCIL.
IN YOUR LETTER YOU INDICATE THAT ACTUAL NOTICE OF AN EXECUTIVE SESSION WAS GIVEN, AND THAT THE EXECUTIVE SESSION TOOK PLACE DURING A PROPERLY CALLED REGULAR SESSION OF THE CITY COUNCIL. AS I UNDERSTAND YOUR QUESTION, YOU WISH TO KNOW WHETHER THE CITY COUNCIL IS OBLIGATED TO DISCLOSE THE BASIS ON WHICH THE DECISION TO CALL AN EXECUTIVE SESSION WAS MADE. PURSUANT TO THE OPEN MEETING ACT, 25 O.S. 301 (1981) ET SEQ., AS AMENDED, EXECUTIVE SESSIONS MAY BE HELD FOR THE PURPOSE OF DISCUSSING THE EMPLOYMENT, HIRING, APPOINTMENT, PROMOTION, DEMOTION, DISCIPLINING OR RESIGNATION OF ANY INDIVIDUAL SALARIED PUBLIC OFFICER OR EMPLOYEE. SEE 25 O.S. 307 (1987). ONE OBVIOUS PURPOSE OF THIS STATUTE IS TO PROTECT THE EMPLOYEE OR PUBLIC OFFICER IN QUESTION FROM UNWARRANTED INTRUSIONS ON HIS OR HER PRIVACY, AND FROM PUBLIC RIDICULE WHERE ACCUSATIONS CONCERNING THAT PUBLIC EMPLOYEE ARE UNDER CONSIDERATION. PARTICULARLY WHERE SUCH ACCUSATIONS MAY LATER BE DETERMINED TO BE UNFOUNDED, IT WOULD DEFEAT THE PURPOSE OF THE EXECUTIVE SESSION, TO DISCLOSE THE NATURE OF THE RUMORS WHICH HAVE CREATED THE NEED FOR THE EXECUTIVE SESSION IN THE FIRST PLACE.
MOREOVER, CASE LAW TELLS US THAT THERE CAN BE, IN SOME INSTANCES, AN INFRINGEMENT UPON THE LIBERTY INTEREST OF THE PUBLIC EMPLOYEE, WHO IS, UNDER FEDERAL DECISIONS, ENTITLED TO A HEARING PRIOR TO THE DISSEMINATION OF NEGATIVE INFORMATION ABOUT THE EMPLOYEE TO THIRD PARTIES.
THERE IS, THEREFORE, NO GENERAL LEGAL REQUIREMENT THAT THE CITY COUNCIL DISCLOSE THE BASIS ON WHICH IT HAS DECIDED TO CONDUCT AN EXECUTIVE SESSION, WHERE ACTUAL NOTICE OF THE EXECUTIVE SESSION HAS BEEN GIVEN IN A PROPER MANNER. OF COURSE, YOU HAVE NOT ASKED US, NOR HAVE WE REVIEWED THE PARTICULAR AGENDA ITEM IN QUESTION.
(SUSAN BRIMER LOVING)